# DEMING INVESTMENT COMPANY *v.* UNITED STATES.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 434.   Argued October 12, 13, 1911.—Decided April 29, 1912.

*Goat* v. *United States, ante,* p. 458, followed in regard to validity of conveyances of lands allotted to Seminole Indians, and the right of the United States to maintain actions to set such conveyances aside. 179 Fed. Rep. 13, modified and affirmed as to this point.

THE facts, which involve the validity of certain deeds and mortgages of allotted lands made by Seminole In-

dians and the right of the United States to have the same set aside, are stated in the opinion.

*Mr. J. C. Stone, Mr. Robert J. Boone* and *Mr. S. T. Bledsoe,* for appellants.[1]

*The Solicitor General* and *Mr. A. N. Frost* and *Mr. Harlow A. Leekley,* Special Assistants to the Attorney General, for the United States.[1]

MR. JUSTICE HUGHES delivered the opinion of the court.

The United States sought by this suit to cancel certain deeds and mortgages of lands allotted to members of the Seminole tribe of Indians. The judgment of the Circuit Court, sustaining demurrers to the bill, was reversed by the Circuit Court of Appeals. *United States* v. *Allen, and similar cases,* 179 Fed. Rep. 13.

The suit was brought on July 22, 1908, and embraced several conveyances to distinct grantees. This appeal is prosecuted—under § 3 of the act of June 25, 1910, c. 409, 36 Stat. 837—by only one of the defendants, The Deming Investment Company, of Oklahoma City.

The bill attacks mortgages made to this appellant, by others than the allottees, during the months of August, October and December, 1906. It is alleged that they were attempted incumbrances of allotted lands of members of the Seminole tribe; that none of these lands had been patented to individuals at the time of the transactions; and that all contracts for the sale, disposition and incumbrance of the lands prior to the date of patent were expressly declared by law to be void. (Agreement of December 16, 1897, ratified by the act of July 1, 1898, c. 542, 30 Stat. 567.)

In its brief the appellant states that "each conveyance only involves the surplus allotment and not the home-

_____
[1] See abstract of arguments in *Heckman* v. *United States, ante,* p. 413.

stead of the particular allottee," a statement which we do not understand the Government to challenge so far as the mortgages to the appellant are concerned. The bill does not allege that these mortgages, or any of them, embraced homestead lands.

Nor is it alleged in the bill that any of the allottees whose allotments had been mortgaged to the appellant were of Indian blood, but the lands are described as those which had been allotted to Seminole freedmen whose names appear upon the freedmen rolls of that tribe. Upon the allegations of the bill, these allottees, so far as they were adults, must be held to come within the provision of the act of April 21, 1904, c. 1402 (33 Stat. 189, 204), which removed all restrictions upon alienation by adult allottees not of Indian blood with respect to their surplus lands; and, by virtue of the allotment, they had an interest in the allotted lands which on the removal of the restriction they were entitled to convey. *Goat* v. *United States*, decided this day, *ante*, p. 458.

Minors were excepted from this enabling provision of the act of 1904; and in one instance the mortgage is described as covering a portion of the allotment of a minor freedmen allottee, Ellen Sango, age 17. In this, as in other cases, the age of the allottees is given apparently as of the time when the mortgage was executed. The dates of the conveyances made by the allottees are not set forth.

Upon the authority of *Goat* v. *United States, supra*, the bill, with respect to the appellant, should be sustained so far as it relates to mortgages covering lands which had been conveyed by minor allottees, or by adult allottees before April 21, 1904; and it should be dismissed as to the surplus lands conveyed by adult freedmen allottees subsequent to that date. The judgment of the Circuit Court of Appeals is affirmed, with the modification that the cause shall proceed in conformity with this opinion.

*It is so ordered.*